UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SARAH MICHELSON, as Trustee of the David and Catherine Swanson Trust,<br><br>               Plaintiff,<br><br>     v.<br><br>FOUNDATION FINANCIAL, INC., a Wyoming corporation, and ROBERT GUTH, an individual, MARY JO MALONE, and JOHN DOES 1-10,<br><br>               Defendants. | No.  CV-13-5045-EFS<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT AS TO DEFENDANT ROBERT GUTH** |

Before the Court, without oral argument, is Plaintiff Sarah Michelson's Motion for Entry of Default. ECF No. 8. The motion seeks default judgment against Defendant Robert Guth. Having reviewed the record and relevant legal authority, the Court is fully informed. For the reasons set forth below, the Court grants Plaintiff's motion and awards her damages, costs, and attorney's fees.

Under Federal Rule of Civil Procedure 55, obtaining a default judgment is a two-step process. First, under Rule 55(a), default may be entered by the Clerk of Court when the "party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Plaintiff satisfied this

ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT AS TO DEFENDANT ROBERT GUTH- 1

first step as default was entered against Defendant Guth on August 7, 2013.

Following the entry of default against Defendant Guth, Plaintiff filed her motion for default judgment pursuant to Rule 55(b)—the second step. The decision whether or not to grant default judgment is within the discretion of this Court. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising its discretion to grant or deny a motion for default judgment, the Court considers the following factors:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

A careful analysis of the *Eitel* factors supports Plaintiff's motion. First, the possibility of prejudice to Plaintiff, *albeit* small, is present. It has been approximately five months since Plaintiff filed the lawsuit and served Defendant Guth. Defendant Guth has not yet appeared. Under these circumstances, Plaintiff will be prejudiced if she is not permitted to proceed against Defendant Guth by way of default judgment.

As to the second and third *Eitel* factors, the merits of Plaintiff's substantive claim and the sufficiency of the Complaint, the Court finds the Complaint sufficiently alleges the asserted breach of contract, violation of the Consumer Protection Act, fraud, breach

of fiduciary duty, and unjust enrichment claims. And these claims have merit when viewing the alleged facts in Plaintiff's favor.

As to the fourth *Eitel* factor, the sum of money requested, $873,575 is a significant amount of money. However, the attached promissory notes support the entry of a default judgment in the amount of $700,000, plus 12 percent interest and reasonable attorney's fees and costs. Based on the Court's experience with the fees charged by attorney's practicing in the Eastern District of Washington, the Court finds the $525 in costs and $5,000 in attorney's fees are reasonable.

As to the fifth *Eitel* factor, the possibility of dispute concerning material facts, there is no information before the Court that supports the possibility of a dispute concerning the terms of the promissory notes and that they remain unpaid.

*Eitel's* sixth factor, whether Defendant Guth's default was due to excusable neglect, favors default judgment because Plaintiff provided proof of service on Defendant Guth, ECF No. 6, Ex. C, and notified Defendant Guth of her intent to move for default, *id.*, Exs. A & B. After receiving the motion for default, Defendant Guth has not appeared in this lawsuit, opposed the motion, or sought vacatur of the default. Therefore, the Court has no reason to believe Defendant Guth's default resulted from excusable neglect.

Turning to *Eitel's* final factor, the possibility of reaching a decision on the merits, it is unlikely that a decision on the merits can be reached given this lawsuit's procedural history.

Accordingly, after considering the *Eitel* factors, the Court determines default judgment against Defendant Guth is necessary. And

ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT AS TO DEFENDANT ROBERT GUTH- 3

the Court finds the requested amount, $873,525, is appropriate based on the terms of the promissory notes and incurred attorney's fees and costs.

For the above-given reasons, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Entry of Default, **ECF No. 8**, is **GRANTED.**

2. **Judgment** is to be entered in Plaintiff's favor as to **Defendant Guth** in the total amount of **$873,525.00** as follows:

   a. $700,000 in principal;

   b. $168,000 in prejudgment interest;

   c. $5,000 in attorney's fees; and

   d. $525 in costs.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this  10th  day of September 2013.


                        s/ Edward F. Shea
                        EDWARD F. SHEA
                Senior United States District Judge